FILED
2014 May-15 AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROGER HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 7:13-CV-1075-LSC |
| | ) |
| WATER WORKS AND | ) |
| SEWER BOARD OF THE | ) |
| TOWN OF VERNON, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

Before the Court is a motion for summary judgment filed by Defendant Water Works and Sewer Board of the Town of Vernon ("The Board"). (Doc. 14). The Board has been sued by its former employee, Plaintiff Roger Holloway ("Holloway") under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et seq. The Board has moved for Summary Judgement based on its belief that it does not qualify as an "employer" under the act. Because the Board does so qualify, the motion for summary judgment is due to be DENIED.

I. Factual Background

The parties have stipulated to a single set of undisputed facts. The Board, which was incorporated on January 13, 1956, is administered by a Board of Directors

consisting of five members who are elected to staggered terms by the governing body of the Town of Vernon ("Vernon"). The Certificate of Incorporation and by-laws state that members of the Board of Directors cannot be officers of Vernon, and the Vernon City Council can only remove Board members when the member's term expires, or in the case of an ethics violation.

The Board operates the water and sewer systems of Vernon. Although the parties cite different code sections under which the Board could be incorporated, the two sections are virtually identical. *See* Ala. Code §§ 11-50-231 and 11-50-311. The Board of Directors maintains by-laws that govern its activities. Under the by-laws, the Board has the power to "acquire, construct, operate, and maintain a water and sewer system." (Doc. 15 at 5). The Chairman of the Board is the executive officer of the Board and presides at all meetings.

The by-laws give the Board the power to appoint employees, "who hold their positions, exercise such powers and perform such duties as determined by the Board." (*Id.*) The Board sets the salaries, work schedules, and assignments of all Board employees without the approval of Vernon. It also evaluates its employees separately from Vernon, and has its own building, bank accounts, financial records, and tax existence. The Board pays the employees from its own funds; Vernon does not pay the salaries of the Board's employees.

The day-to-day operations of the Board are supervised by the General Manager, who reports directly to the Board of Directors. Holloway served as General Manager of the Board until he was terminated on July 15, 2012. The Board terminated Holloway without the input or approval of the Town of Vernon. Also, the Board's payroll records show that the Board had no more than twelve employees during the year preceding Holloway's termination.

II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that no genuine dispute of material fact exists, or by showing that the nonmoving party has failed to present substantial evidence of an element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "Where the non-movant presents direct evidence that, if believed by the jury, would be sufficient to win at trial, summary judgment is not appropriate even where the movant presents conflicting evidence. It is not the court's role to weigh conflicting evidence or to make credibility determination . . . ." *Mize*, 93 F.3d at 742. But when the non-movant's evidence cannot stand on its own, summary judgment is appropriate: "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III. Discussion

The controlling question before the Court is whether the Board qualifies as an employer under the ADEA. The ADEA defines employer as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each

> working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided,* That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29. U.S.C. § 630(b). The parties agree that the Board has fewer than twenty employees. Therefore, in order to be an employer for purposes of the statute, it must be an "agency or instrumentality of a State or a political subdivision of a State." *Id.* To answer this question, the Court must first ask whether the Vernon is, in fact, a political subdivision of the State of Alabama.

    A. Is Vernon a political subdivision of the State of Alabama?

    The Eleventh Circuit has not directly addressed the question of whether a town or city is a political subdivision of a state for purposes of the ADEA. In other contexts, municipalities are treated differently from arms of the state. For example, the Supreme Court has held that where state immunity applies, it does not extend "to units of local governments, such as cities and counties." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368-69 (2001) (noting that local governments "are subject to private claims for damages under the ADA," while States are not). Counties and municipalities likely also do not possess Eleventh Amendment immunity under the ADEA. *Van*

*Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 512 F.3d 1296, 1301 (11th Cir. 2008).

Congress amended the "employer" definition in the ADEA to include the language concerning states and their political subdivisions in 1974. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 78 (2000). The Supreme Court described these amendments as an extension of the law. *Johnson v. Mayor & City Council of Baltimore*, 472 U.S. 353, 356 (1985) ("in 1974 Congress extended coverage to Federal, State, and local governments"). Although these cases did not hold that municipalities are covered by the ADEA's definition of employer, they do suggest it. The Third Circuit took a much more direct approach, stating that "the ADEA could not be more explicit in imposing liability for age discrimination against municipalities." *Potence v. Hazleton Area School Dist.*, 357 3d 366, 373 (3rd Cir. 2004).

Although it has not made the kind of absolute statement found in *Potence*, the Eleventh Circuit has noted that state and local governments were originally excluded from the definition of employer under the ADEA but this exception was removed by the 1974 amendments. *Knight v. State of Ga.*, 992 F.2d 1541, 1543 (11th Cir. 1993). In addition it has held that an ADEA claim against a county survived summary judgment, without addressing whether the county was a political subdivision of a state or had twenty employees. *Van Voorhis,* 512 F.3d at 1301 (11th Cir. 2008). Furthermore, in

three recent unpublished decisions, the Eleventh Circuit has addressed the merits of ADEA claims against cities, without questioning whether the statutory definition of employer was met. *Lerman v. City of Fort Lauderdale, Fla*, 346 Fed. App'x. 500 (11th Cir. 2009) (describing the City, in the style of the case, as "a political subdivision of the State of Florida"); *Morrison v. City of Bainbridge, Ga.*, 432 Fed. App'x. 877 (11th Cir. 2011); *Mitchell v. City of LaFayette*, 504 Fed. App'x. 867 (11th Cir. 2013). In contrast, this Court found no authority for the proposition that a city was not a political subdivision of a state under the ADEA. Therefore, the Court finds that Vernon is a political subdivision of the State of Alabama for the purposes of the statute.

B. Is the Board an agency or instrumentality of Vernon?

Holloway, of course, works not for Vernon itself but for the Board. The Board is an employer for ADEA purposes if it is an "agency or instrumentality" of Vernon. The Board correctly notes that cases interpreting Title VII of the Civil Rights Act are instructive on questions surrounding the ADEA. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1263-64 (11th Cir. 1997). None of the cases the Board cites, however, pose the question at issue here. *See Calderon v. Martin Cnty*, 639

F. 2d 271, 272-73 (5th Cir. Unit B 1981)[1] (determining whether a deputy sheriff was an "employee" under Title VII); *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (addressing whether to aggregate employees of different public entities to reach the threshold number of employees).

The question before the Court concerns not whether Vernon is Holloway's employer, but whether the Board is an agency or instrumentality of Vernon. A similar question has been addressed in the context of determining whether an entity is an arm of the state for Eleventh Amendment purposes. *See, e.g., Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985). In this context, both the Supreme Court and the Eleventh Circuit have turned to state law to determine whether a particular entity is an agency or instrumentality of the state. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("the answer depends, at least in part, upon the nature of the entity created by state law"); *Harden*, 760 F. 2d at 1163-64 (citing findings by the Alabama Supreme Court that a University board of trustees was an arm of the state). By analogy, this Court finds it proper to consider Alabama law in determining whether the Board is an agency or instrumentality of Vernon.

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206,1209 (11 th Cir. 1981). *Calderon* was published on March 13, 1981, and is thus binding precedent. Id., see also 639 F.2d at 271.

The Board is a public corporation organized according to Alabama law.[2] The Alabama Code requires that not less than three natural persons apply to the governing body of a municipality for authority to incorporate a public corporation such as a water and sewer board. Ala. Code §§ 11-50-231; 11-50-311. The governing body of the municipality must then adopt a resolution in order for the public corporation to begin operating. *Id.* Thus, Vernon played a necessary role in the creation of the Board, which counsels in favor of finding the Board to be an agency or instrumentality of Vernon. In addition to this statutory law, the Alabama Supreme Court has held that a public corporation of this type is an agency of the city that created it. *State ex rel Richardson v. Morrow*, 162 So. 480, 388-89 (Ala. 1964). See also *City of Montgomery v. Water Works and Sanitary Sewer Bd. of Montgomery,* 660 So. 2d 588, 593 (Ala. 1995) (determining that water board, a public corporation set up by the city, is an instrumentality of the city). Thus, the Board is an agency or instrumentality of Vernon.

C. Does the twenty-employee threshold apply to public employers?

Having concluded that the Board is in fact an agency or instrumentality of Vernon, the only question remaining is whether the twenty-employee requirement in the first sentence of the ADEA's definition of "employer" applies to the public

---

[2] As noted in the facts section, the Board is incorporated under either Ala. Code § 11-50-231 or § 11-50-311, both of which require the same procedure in forming the public corporation.

agencies or instrumentalities mentioned in the second sentence. 29 U.S.C. § 630(b). The Eleventh Circuit has not addressed whether the twenty-employee requirement applies to public agencies like the Board.[3] The Eleventh Circuit has made it clear that courts should " begin our construction where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). When a clear meaning of the statute exists, there is no need to examine the legislative history, and courts should never use this history to undermine a clear meaning. *CBS Inc. v. Prime Time 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir. 2001) (citing *inter alia Ratzlaf v. United States*, 510 U.S. 135, 147 (1994)). In addition, a remedial statute such as the ADEA or Title VII should be construed liberally in favor of redressing the wrong for which Congress wrote the statute. *Coke v. General Adjustment Bureau*, 640 F.2d 584, 594-95 (5th Cir. Mar. 1981); *EEOC v. Total System Servs.*, 240 F.3d 898, 899-900 (11th Cir. 2001).

Considering the statutory language in light of these rules of construction, the

---

[3] The Board urges the Court to follow the three circuits who have ruled on this issue, all of which chose to apply the twenty-employee threshold. *See Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 273 (7th Cir. 1986) (cert. denied, 480 U.S. 940 (1987)); *EEOC v. Monclova Twp.*, 920 F. 2d 360, 363 (6 th Cir. 1990); *Palmer v. Ark. Council on Econ. Educ.*, 154 F.3d 892, 896-97 (8th Cir. 1998). Because the Court finds that the statute is not ambiguous, it need not address the legislative history of the statute discussed by these cases. *CBS*, 245 F.3d at 1222.

Court finds that there is only one reasonable meaning of Section 630 (b). The second sentence means that, in addition to those employers who meet the definition in the first sentence, "a State or political subdivision of a State and any agency or instrumentality of a state or a political subdivision of a state" are also employers, regardless of how many employees they have. This language is clear, and there is no indication in the statute that Congress intended to import the twenty-employee requirement from the first definition of employer into the second definition. Therefore, no recourse to the legislative history is necessary or proper. The Board, as an instrumentality of a political subdivision of a state, need not have twenty employees to meet the plain meaning of the ADEA's definition of employer.

IV. Conclusion

Vernon is a political subdivision of the state of Alabama. The Board is an agency or instrumentality of the town. The twenty employee requirement does not apply to public agencies. Because the Board's motion for summary judgment rests solely on this argument, it is due to be DENIED.